## W. M. Durham v. W. C. Evans.

1. DAMAGES—*Defendant Can Not Complain that They Are Too Small.*—When the evidence shows that the jury could, and ought to have allowed a greater sum as damages than they did, it is, nevertheless, a matter about which the defendant can not complain.

2. INSTRUCTIONS—*Must Charge the Jury to Find from the Evidence.*—An instruction which omits the requirement to find from the evidence is bad, but when the other instructions for the same party contain the requirement, and direct the jury to be governed solely by the evidence, it is not reversible error. '

**Memorandum.**—Assumpsit. In the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Declaration, special and common counts; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

STEPHEN R. MOORE, attorney for appellant.

DANIEL H. PADDOCK, attorney for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellee, a real estate agent, brought this suit against appellant to recover one-half of commissions and profits in the sale of certain lands.

A trial by jury resulted in a verdict and judgment for $740 in favor of appellee.

While it is claimed that the court committed errors in ruling upon evidence and instructions, the chief contention of appellant is that the verdict is against the evidence.

There is a sharp conflict in the testimony, but we think a preponderance establishes the following facts:

Early in 1891, appellant engaged appellee to negotiate the sale of a section of land of which he then owned 440 acres, and other parties owned 200 acres. Appellee soon made a contract for its sale with Rankin, Whitham & Co., and took a contract from appellant for $1,060 for his services. The trade with Rankin, Whitham & Co. was not consummated,

however, because of their failure to meet their obligations, for which failure appellant sued that firm and afterward compromised the suit for $1,000. For his services in that deal appellee was paid $500 and surrendered his contract for $1,060. After the trade with Rankin, Whitham & Co. failed, appellant purchased from the other owners the 200 acres held by them in the section, put a price of $15 per acre on it, and again engaged appellee to sell it, agreeing that if he would use his best endeavors to negotiate a sale he should have one-half of all the land sold for over $15 per acre whether sold by appellee or appellant. Appellee spent considerable time and money in advertising the land and hunting buyers. Appellant sold it for $20 per acre. There were other deals between the parties relative to the sale of other lands for which appellee claimed commissions, but it is unnecessary for us to speak of them in detail. Not only was appellee entitled to the amount allowed him by the jury, but much more.

Appellant claims that in any view of the evidence appellee is entitled to recover $1,930, or he is not entitled to recover anything. We think, ourselves, that the jury erred in the matter of damages. They should have placed them at a higher figure. It does not seem that appellant should complain on that score, however.

The eighth instruction given for the plaintiff omits the requirement of belief from the evidence by the jury and is bad for that reason, but the other instructions for the plaintiff contain the requirement, and the seventh given for the defendant directs the jury to be governed solely by the evidence. We do not think the jury were misled by that opinion in the instruction.

The court committed no error in refusing the two refused instructions offered by appellant nor passing upon evidence. Judgment affirmed.